TOBIAS, J.,
concurs in the result and assigns reasons.
lil respectfully concur in the majority’s decision to affirm the trial court’s ruling. I write separately, however, because I arrive at the same result following a different form of reasoning.
The records on appeal, being the proceedings in case number 42,884 on the docket of the 34th Judicial District Court for St. Bernard Parish, shows the following timeline of events:
• The successions proceedings were commenced on 8 October 1982 when Cynthia Gonzales Pentley (“Cynthia”) petitioned the court to be the admin-istratrix of the successions of her parents, Dianna McNabb Gonzales (“Dianna”) and Eldridge B. Gonzales (“Eldridge”).
• Letters of administration for both of her parents’ successions were issued by the clerk of court to Cynthia on 5 November 1982. See La. C.C.P. art. 282.
• On 27 May 1983, Louise Thibodeaux Gonzales (“Louise”) filed a petition to probate the last will and testament (in statutory form) of Eldridge dated 25 August 1982, requesting that the letters of administration granted to Cynthia be rescinded. (No indication appears of record that Dianna died testate; therefore, I conclude that an administration of her succession remained proper.)
• On 11 May 1983, in her capacity as administratrix of her parents’ succession, Cynthia filed a motion to cause Louise to turn over all succession property; a hearing on the motion was set for 27 May 1983. It appears *253 that the hearing on the motion was continued without date on 17 May 1983 (and that the notation of the hearing was entered incorrectly on a proposed order that was never signed confirming Louise as testamentary executrix of Eldridge’s estate).
|¾* On 27 May 1983, Louise filed a petition to probate Eldridge’s 25 August 1982 testament and for letters testamentary together with a memorandum in opposition to Cynthia’s motion to turn over Eldridge’s succession property. Cynthia filed an answer to Louise’s petition on 17 June 1983.
• The matter then languished until 26 June 1987, when Cynthia filed a motion to set for trial on the merits. Reasoning from La. C.C.P. arts. 2852, 2853, and 2882 et seq., I conclude that Cynthia was attempting to set for trial the issue of whether Eldridge’s 25 August 1982 testament should be probated. A hearing on the motion was set for 15 October 1987. Apparently no trial occurred.
• The matter bearing case number 42,-884 then languished with no action until 28 June 2011, when Louise filed a petition for filing and execution of El-dridge’s testament of 25 August 1982. On the same day, Louise also filed the obviously Hurricane Katrina damaged original of Eldridge’s testament in the court for probate. The envelope in which the testament is enclosed bears a date of 28 June 2011.
• After the 26 June 1987 filing in case number 42,884, and more specifically on 5 August 2005, Cynthia and her brother, Eldridge Bernard Gonzales, Jr. (“Gonzales Jr.”), filed a new suit in the 34th Judicial District Court, bearing docket number 105,100. This suit was commenced as a “motion” to terminate Louise’s usufruct and alleged that Louise had abandoned the immovable property and dwelling in the Fernandez subdivision of Delacroix Island (hereinafter, “the property”) that had been owned by Dianna and El-dridge,[1] and that Louise had disused, neglected and failed to care for the property to the “real detriment to the naked owners.”[2]
• The record on appeal reflects no service of the 5 August 2005 “motion.” Hurricane Katrina struck the New Orleans area on 29 August 2005.
• On 10 August 2006, Cynthia and Gonzales Jr. filed a motion for default, alleging service of the motion on 22 August 2005. A default was granted on 18 August 2006 and a judgment confirming the default was entered on 21 August 2006; the judgment states that the judgment in case number 42,-884 that granted a life usufruct to Louise was “terminated and extinguished.” Of course, no judgment had been rendered in case number 42,884 granting Louise a life usufruct; and no judgment whatsoever had been rendered in number 42,884. The record does not reflect service of the judgment of 21 August 2006. I take judicial notice that the 21 August 2006 *254 judgment confirming the default was prematurely entered in violation of La. C.C.P. art. 1702 A.
13* Louise filed a petition to annul the judgment on 10 July 2009. Cynthia and Gonzales Jr. filed an answer on 14 September 2009. Louise filed an “answer” to Cynthia’s and Gonzales Jr.’s motion filed on 30 March 2010, together with a motion for summary judgment to nullify the 21 August 2006 judgment and a motion for new trial (which I understand to be an alternative motion for new trial of the 21 August 2006 judgment).
• On 21 August 2010, Cynthia and Gonzales Jr. filed a first amended motion to terminate Louise’s usufruct that acknowledges that the property was community property of Dianna and Eldridge and thus Louise, Cynthia, and Gonzales Jr. were co-usufructuar-ies of the property. Further, Cynthia and Gonzales Jr. filed an exception of no right of action asserting that Louise had no right of action because she was never the usufructuary of the property.
• A “second” amendment of the exception of no right of action (the record reflects no first amendment of the exception) was filed on 21 September 2010 by Cynthia and Gonzales Jr., asserting that no will had been probated in case number 42,884, and that a right to do so prescribed under “LSA-R.S. 6651 [sic].” I understand the statutory reference to mean La. R.S. 9:5648. In 1982, section 5643 read as follows:
A proceeding to probate the purported testament of a deceased person is prescribed by five years, reckoning from the date of the judicial opening of the succession of the deceased.[3]
Effective 1 September 1983, section 5643 was change to read:
The right to probate a purported testament in a succession proceeding shall prescribe five years after the date of the judicial opening of the succession, or ten years after the date of death of the testator or testatrix, whichever first occurs.
Effective 15 August 1986, section 5643 was again changed and reads as it does now:
The right to probate a purported testament in a succession proceeding shall prescribe five years after the date of the judicial opening of the succession of the deceased.
• The hearing of the peremptory exception of no right of action as amended was held on 1 October 2010 and a judgment rendered that day and signed on 11 October 2010 maintaining the exception, finding that Cynthia and Gonzales Jr. were the owners of the property unburdened by any usu-fruct. No appeal was taken from that judgment and thus it is final and definitive.
• On 28 June 2011, in proceedings 42,-884, Louise filed a petition for execution of the 25 August 1982 testament and to recognize thereunder Louise’s usufruct. Cynthia and Gonzales Jr. filed a peremptory exception of res judicata to the petition that was heard *255 of 6 January 2012. The trial court denied the exception by judgment dated 11 January 2012.[4]
L* A hearing was had on 10 February 2010 on whether Louise could probate Eldridge’s testament. The court ruled on 21 May 2012 that (a) the 25 August 1982 could be probated “subject to what, if anything Louise ..., could be sent into possession” and (b) the court could decide the issue of ownership of the usufruct of the property. Inconsistently, the court further granted Cynthia’s and Gonzales Jr.’s exception of res judicata, because, during the trial, the trial court directed that the record in case number 105,100 be brought to the court for the review. The trial court reviewed that record.
• From the 21 May 2012 judgment, Louise timely and devolutively appealed.
In spite of the unorthodox pleadings and procedures that have been filed and/or taken place in the trial court, I conclude that the result reached by the trial judge and the majority in this appeal is correct.
First, I note that La. C.C.P. art. 2893, following substantially the same history as that of La. R.S. 9:5843, read as follows until 1 September 1983:
The right to probate a purported testament in a succession proceeding shall prescribe five years after the date of the judicial opening of the succession, or five years of the judicial opening of the succession on the deceased.
Until 15 August 1986 it read:
The right to probate a purported testament in a succession proceeding shall prescribe five years after the date of the judicial opening of the succession, or ten years after the date of death of the testator or testatrix, whichever first occurs.
And it subsequently and now states:
The right to probate a purported testament in a succession proceeding shall prescribe five years after the date of the judicial opening of the succession of the deceased.
It therefore follows that Louise cannot probate her late husband’s 25 August 1982 testament.
Second, it is readily apparent that the 25 August 1982 testament was never probated. It was not actually presented to the court for probate until 28 June 2011, and then in a substantially damaged condition as noted above, when it was delivered along with Louise’s petition of the same date. It is obvious that the |5testament has never been probated because La. C.C.P. art. 2882[5] has never been complied with because the trial judge’s paraph is absent from the face of the testament. La. C.C.P. art. 2893 bars the probate of the 25 August 1982 testament.
Finally, the trial court’s judgment of 11 October 2010 finding, in case number 105,-100, that (a) Louise had no right of action and (b) Cynthia and Gonzales Jr. were the owners of the property unburdened by any *256 usufruct, is entitled to res judicata effect that cannot be set aside under La. R.S. 13:4231 or La. R.S. 13:4232. The entitlement of Louise to a usufruct of the property was definitively determined in the 2011 judgment and cannot be reopened.

. 1 note that the proceeding should have been commenced with a petition, not a motion, that required citation and service, for the issue was not a summary matter under La. C.C.P. art. 2591. Although article 2591 allows the use of summary proceedings to annul a probated testament, no testament had been probated. Nevertheless, the improper use of summary proceedings was never raised as an issue per La. C.C.P. art. 926 (the dilatory exception), and thus waived when the parties went to trial on the exception on the motion.

. Cynthia and Gonzales, Jr. are naked owners of the property.

. The explanatory note to the enactment of the section states:
Adopted on the recommendation of the Louisiana State Law Institute to preclude any attack on the constitutionality of Art. 2893, LSA-Code of Civil Procedure, on the grounds that it is substantive rather than procedural.
La. C.C.P. art. 2893 is discussed further infra.

. The judgment denying the exception is an interlocutory judgment not reviewable on direct appeal.

. La. C.C.P. art. 2882 states:
At the probate hearing the court shall open the testament, if it is enclosed in a sealed envelope, receive proof of the making of the testament as provided in Articles 2883 through 2889, may read the testament to those present, and shall paraph the top and bottom of each page of the testament by inscribing it "ne varietur” over the judicial signature. [Emphasis supplied.]